NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3379

NORA J. BRADLEY,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

———————————————

DECIDED: April 5, 2006

———————————————

Before SCHALL, LINN, and DYK, Circuit Judges.

PER CURIAM.

## DECISION

Nora J. Bradley petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the employing agency's decision to remove Ms. Bradley from her position. Bradley v. Dep't of Veterans Affairs, No. CH-0752-04-0513-I-1 (M.S.P.B. July 28, 2005) ("Final Decision"). We affirm.

DISCUSSION

I.

On May 17, 2004, Ms. Bradley filed an appeal with the Board. In the appeal, she alleged that her employing agency, the Lakeside Division of the VA Chicago Health Care System, now known as the Jesse Brown VA Medical Center ("agency"), improperly removed her from her position as a Medical Instrument Technician (EKG), GS-0649-04.

Effective April 23, 2004, the agency removed Ms. Bradley from her position based on the following charges: (1) absence without leave (AWOL) and failure to follow proper leave procedures from November 18, 2003, to December 29, 2003; (2) failure to follow instructions and failure to follow proper leave procedures when she did not return to work after being ordered in a December 9, 2003 letter to return by December 15, 2003; (3) using inappropriate language towards her supervisor, Marva Pierre, when during a December 31, 2003 meeting, Ms. Bradley told the Chief of Cardiology, Dr. James E. Rosenthal, that if Ms. Pierre "carries on like this, she is going to find her brains all over the wall;" and (4) AWOL for three hours and failure to follow instructions when she left her work area at 1:30 p.m. on January 16, 2004, after being told by Ms. Pierre that her leave request was not granted. See Bradley v. Dep't of Veterans Affairs, No. CH-0752-04-0513-I-1, slip op. at 2 (M.S.P.B. Feb. 16, 2005) ("Initial Decision").

Following a hearing, in an initial decision dated February 16, 2005, the administrative judge ("AJ") to whom the case was assigned affirmed the agency's decision. Id. Prior to the hearing, the agency withdrew the charge relating to the December 9, 2003 return to work order. Id. The AJ found that the agency proved by a

preponderance of the evidence that Ms. Bradley was absent from duty from November 19, 2003, to December 29, 2003. Id., slip op. at 3-9. The AJ reasoned that the evidence demonstrated that Ms. Bradley did not submit a leave request or otherwise request leave and that, after she returned, she did not submit an appropriate statement from her doctor or otherwise provide acceptable documentation explaining her absence.

The AJ also found that the agency established by a preponderance of the evidence that Mr. Bradley made the inappropriate remark to Dr. Rosenthal about Ms. Pierre. Id., slip op. at 13. It rejected Ms. Bradley's allegation that Dr. Rosenthal was biased against her because of a previous successful appeal to the Board six years earlier as unsubstantiated. Id., slip op. at 12-13, 15-16. The AJ found that Dr. Rosenthal was more credible than Ms. Bradley, that Dr. Rosenthal was not involved with the first action and was barely aware of it, that Dr. Rosenthal was trying to help Ms. Bradley when she allegedly made the remark about Ms. Pierre, that six years had passed since the first action, and that Dr. Rosenthal had no motivation to lie. Id.

Finally, the AJ found that the agency proved by a preponderance of the evidence that Ms. Bradley was AWOL on January 16, 2004. Id., slip op. at 14. The AJ found that Ms. Bradley did request leave on that day to take her son to the doctor, that Ms. Pierre denied the request because the agency was short of staff, that Ms. Bradley left at 1:30 p.m. anyway, and that Ms. Bradley did not provide a doctor's statement. Id. The AJ rejected Ms. Bradley's assertion that she gave a doctor's statement to Ms. Pierre, as there was no evidence of such a statement in the record. Id., slip op. at 14-15.

The AJ held that the agency's penalty of removal was appropriate. Id., slip op. at 17. In that regard, the AJ found that the agency established by a preponderance of the

evidence that the deciding official, Mr. Richard S. Citron, the director of the facility, properly considered the relevant factors listed in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 306 (1981), and that the penalty of removal did not exceed the tolerable bounds of reasonableness for Ms. Bradley's behavior. Id., slip op. at 18-19. The AJ noted that Ms. Bradley's behavior was serious and she had been disciplined in the past. Id., slip op. at 18.

The AJ's initial decision became the final decision of the Board when the Board denied Ms. Bradley's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

An agency may remove an employee "only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a) (2000); see also James v. Dale, 355 F.3d 1375, 1378 (Fed. Cir. 2004). An agency must establish the following three things to withstand challenge to an adverse action against an employee: (1) the charged misconduct occurred, (2) a nexus between the misconduct and the objective of

05-3379                                    4

promoting the efficiency of the service, and (3) the penalty imposed was reasonable. James, 355 F.3d at 1378.

On appeal, Ms. Bradley argues that she was not AWOL and instead was on family leave. For relief, she requests restoration to her old position with an increase in pay and a promotion. The agency responds that the Board considered all of the relevant facts, that the Board applied the correct law, and that the Board's decision is correct.

We see no error in the Board's decision in this case. The Board's finding that Ms. Bradley was AWOL and failed to follow proper leave procedures from November 19, 2003, to December 29, 2003, is supported by substantial evidence. While there is no question that the birth of a child entitles an employee to leave under the Family Medical Leave Act, see 5 U.S.C. § 6382(a)(1)(A) (2000), it is still necessary for the employee to "provide the employing agency with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave under such subparagraph, except that if the date of the birth . . . requires leave to begin in less than 30 days, the employee shall provide such notice as is practicable." 5 U.S.C. § 6382(e) (2000). In this case, there is no dispute that Ms. Bradley was absent from November 19, 2003, to December 29, 2003, and there is also no dispute that she did not provide the proper medical documentation or request leave at any point either before or after her absence.

The Board's finding that Ms. Bradley used inappropriate language towards Ms. Pierre in the December 31, 2003 meeting with Dr. Rosenthal is supported by substantial evidence. The Board assessed the credibility of Ms. Bradley and Dr. Rosenthal, the

only two witnesses to the conversation, and determined that Dr. Rosenthal, who claims the threat was made, was more credible than Ms. Bradley, who claims it was not. As this court has recognized, the Board's "[d]eterminations of witness credibility are 'virtually unreviewable.'" Blank v. Dep't of the Army, 247 F.3d 1225, 1228 (Fed. Cir. 2001) (quoting Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986)). The Board's finding that there was no retaliation is supported by substantial evidence as well, as six years had passed since the first action and Dr. Rosenthal was not involved with the first action and had no motivation to lie.

The Board's finding that Ms. Bradley was AWOL on January 16, 2004, also is supported by substantial evidence. Again, the Board assessed the credibility of Ms. Bradley, who claimed she gave Ms. Pierre a doctor's note, and Ms. Pierre, who claimed she never received any note, and found Ms. Pierre to be credible. Finally, based on the facts of this case, the Board properly considered the Douglas factors, and the penalty of removal is reasonable. The charged misconduct occurred, there was a nexus between the misconduct and the objective of promoting the efficiency of the service, and the penalty of removal was appropriate, especially in light of Ms. Bradley's prior history, her threat of violence against her supervisor, and her continued absences.

For the foregoing reasons, the Board did not err in affirming the agency's decision. The Board's decision is therefore affirmed.

Each party shall bear its own costs.

05-3379                                                          6